IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   MARY ELLEN GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-11-1250-F |
| | ) | |
| 1.   POSITIVE CHANGES, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Mary Ellen Griffith, and for her Complaint against the Defendant alleges and states as follows:

### PARTIES

1. The Plaintiff is Mary Ellen Griffith, an adult female resident of Cleveland County, Oklahoma.

2. The Defendant is Positive Changes, LLC, an entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: disability discrimination and retaliation in violation of the Americans with Disabilities Act, Americans with Disabilities Amendments Act ("ADAA") and Oklahoma state law as embodied in the OADA; worker's compensation retaliation in violation of 85 O.S. §§ 5-7; and wrongful discharge in violation of state law which prohibits terminating an employee for engaging in whistle-blowing activities.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the

federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.	Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about on or about January 28, 2011.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated on or about August 2, 2011 and has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6.	The Defendant is located and can be served in Oklahoma County and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.	Plaintiff began her employment with Defendant on or about August 8, 2008 as a Therapist.

8.	On or about August 26, 2010, Plaintiff sustained an on-the-job injury to her back while aiding a patient.  Plaintiff retained an attorney to assist her in filing a workers compensation claim.

9.	On or about September 8, 2010, Plaintiff was asked to meet with CEO Laura Balliet-Box and Human Resources representative Julie Eubanks regarding her workers compensation claim.  During the meeting, Plaintiff was asked several questions regarding why she hired an attorney to handle her claim.  Further, Eubanks advised Plaintiff of her "at-will" employment status.

10.	On or about September 17, 2010, Plaintiff was asked by Defendant to sign a Job Description/Competency Evaluation.  Such document reflected a fifty (50) lbs. lifting requirement for Plaintiff's position.  Plaintiff had not previously been informed of a lifting

requirement for the position. Further, such requirements were outside Plaintiff's light duty medical restrictions, as Plaintiff was previously placed on a twenty-five (25) lbs. lifting restriction due to her on-the-job injury.

11. On or about October 28, 2010, Plaintiff was written up by Box for allegedly using an improper hold with a client. Such allegations were false. Plaintiff witnessed and documented the hold in question, but did not participate in the conduct. Further, no investigation was conducted on this matter, as required by law. Plaintiff had not previously been written up in her employment with Defendant.

12. Shortly thereafter, Plaintiff was told by Box that Plaintiff would no longer be allowed to treat patients after 5:00 p.m. or on weekends, as Plaintiff had been doing throughout her entire employment with Defendant. This significantly impeded Plaintiff's ability to treat patients, as many of them could not meet with Plaintiff during normal business hours.

13. On or about November 19, 2010, Plaintiff received a negative performance evaluation from Box and was placed on a ninety (90) day probation. Plaintiff had received excellent performance evaluations throughout her employment. At that time, Box accused Plaintiff of doing everything Plaintiff could to make her (Box) get rid of Plaintiff. Plaintiff told Box that this was not true. However, the discipline of Plaintiff was upheld by Box.

14. During this meeting, Plaintiff further requested a reasonable accommodation from Box. Specifically, Plaintiff asked that Box temporarily reduce her case load because Plaintiff continued to experience pain from her on-the-job injury. Box stated she would look into reducing Plaintiff's case load, however, Plaintiff's case load was not reduced.

15. Due to her medical condition, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act and Oklahoma state law in that

she was disabled, had a record of a disability, and/or was perceived as disabled. Her disability substantially limits and/or limited Plaintiff in one or more of her major life activities, including but not limited to walking, sitting, standing and sleeping. However, at all times relevant hereto, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

16.     On or about November 23, 2010, Plaintiff was written up by Box for allegedly being late to submit treatment plans, thereby violating LPC rules and regulations by failure to comply resulting in abandonment of her clients. Again, such allegations were false. Box asked Plaintiff to write treatment plans for clients that Plaintiff had not previously evaluated due to her restricted schedule. Creating treatment plans for clients Plaintiff had not evaluated was a violation of ethics and Plaintiff's license. Therefore, Plaintiff could not write the treatment plans Box requested.

17.     Due to the aforementioned discrimination, harassment and retaliation, Plaintiff was compelled to resign on or about January 3, 2011.

18.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I - Disability

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19.     Discrimination based on a record of a disability, being perceived as disabled, or being disabled is contrary to the ADA, ADAA and 25 O.S. § 1901, *et seq*.

20.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

21.     Because the actions of the Defendant were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT II - Workers Compensation Retaliation

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22. Retaliation based on the filing of worker's compensation claim is contrary to Oklahoma state law via 85 O.S. §§ 5-7.

23. As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

24. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages for the worker's compensation retaliation claim.

## COUNT III - Whistleblowing

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

25. The acts above-described also constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy, i.e., refusing to participate in an illegal activity; performing an important public obligation; exercising a legal right or interest; exposing some wrongdoing by the employer; and performing an act that public policy would encourage or, for refusing to do something that public policy would condemn.

26. As damages, Plaintiff has suffered lost earnings, past and future, and other compensatory damages.

27. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and award compensatory damages, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 28th day of October, 2011.

s/Jana B. Leonard
**JANA B. LEONARD, OBA # 17844
SHANNON HAUPT, OBA #18922
LAUREN W. JOHNSTON, OBA# 22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, Oklahoma 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)**
leonardjb@leonardlaw.net
haupts@leonardlaw.net
johnstonlw@leonardlaw.net

**ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED**